**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-CR- 20260-RAR**

**UNITED STATES OF AMERICA**

vs.

**MARCIA SUNITA PESTANO,**

   Defendant.

_____/

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

**THIS CAUSE** comes before the Court on Defendant Marcia Sunita Pestano's *Pro Se* Request for an Urgent Immediate Release, which the Court construes as a Motion for Compassionate Release filed pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"), [ECF No. 56]. The Court having carefully reviewed the Motion, the United States' Response in Opposition ("Response"), [ECF No. 59], the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

**BACKGROUND**

Defendant pleaded guilty on August 28, 2019 to three counts of bringing and attempting to bring aliens to the United States for commercial and private financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). *See* Plea Agreement, [ECF No. 29]. The Court subsequently sentenced Defendant to 60 months' imprisonment, followed by one year of supervised release. *See* Judgment in a Criminal Case, [ECF No. 49]. Defendant now requests the Court to order her immediate release because her mother has entered into a coma, and Defendant wishes to care for her mother and see her before she passes away. *See generally* Mot.

## **LEGAL STANDARD**

A district court may modify a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). Section 604 of the 2018 First Step Act expanded "who [could] file a Section 3582(c)(1)(A) motion" to allow for defendant-filed motions when previously, only the Bureau of Prisons ("BOP") could file them. *See United States v. Bryant*, 996 F.3d 1243, 1258–59 (11th Cir. 2021). However, Congress "chose not to lift its stricture that courts must follow the [Sentencing] Commission's applicable policy statements when ruling on [§ 3582(c)(1)(A) compassionate release] motions." *Id.* at 1259.

In this Circuit, the categories for "extraordinary and compelling reasons" are delineated in § 1B1.13 of the U.S.S.G. policy statement and are applicable to all § 3582(c)(1)(A) motions, whether filed by the BOP or by a defendant directly. *Id.* As such, courts in this Circuit do not have discretion to develop their own interpretations of "extraordinary and compelling reasons" to justify a reduction in a defendant's sentence. *See id.* at 1248. Accordingly, the Court must apply § 1B1.13 to determine whether extraordinary and compelling circumstances exist. *See United States v. Thompson*, No. 17-CR-60152, 2021 WL 5999422, at *3 (S.D. Fla. Dec. 20, 2021).

The Application Notes to § 1B1.13 define extraordinary and compelling reasons warranting the reduction of a defendant's sentence: 1(A) Medical Condition of the defendant; 1(B) Age of the defendant (at least 65 years old); 1(C) Family Circumstances; and 1(D) Other Reasons. The Eleventh Circuit has made clear that the open-ended "Other Reasons" category in Application

Note 1(D) is limited to extraordinary and compelling reasons identified by the BOP and cannot function as a catch-all category for district courts to rely on when granting defendant-filed compassionate release motions. *See Bryant*, 996 F.3d at 1262–65; *see also United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021) ("We held in *Bryant* that this language precluded district courts from finding extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13.").

A defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Colonna*, 535 F. Supp. 3d 1291, 1297 (S.D. Fla. 2021); *see also United States v. Heromin*, No. 11-55033, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (assigning defendant burden of proof after the implementation of the First Step Act). Accordingly, to be entitled to relief under § 3582(c)(1)(A), a defendant must meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of her sentence.

## **ANALYSIS**

While Defendant does not state she has exhausted her administrative remedies, the Government attached the warden's denial letter to its Response, and therefore it is undisputed Defendant has met the exhaustion requirement. *See* Resp. at 3 n.3; *see also* [ECF No. 59-1]. Accordingly, the Court need only address whether Defendant has demonstrated an extraordinary and compelling reason for compassionate release.

### *I. Defendant Has Not Presented Extraordinary and Compelling Reasons*

Defendant moves for compassionate release because her mother has recently entered into a coma and Defendant desires to be by her mother's side. *See* Mot. at 1–2. Because she does not specify which Application Note she relies on, the Court considers whether her circumstances qualify under any ground provided by § 1B1.13. As an initial matter, the Court may not rely on

the catch-all in Application Note 1(D), because the Eleventh Circuit has held this provision is limited to extraordinary and compelling reasons identified by the BOP. *See Bryant*, 996 F.3d at 1262–65; *see also Giron*, 15 F.4th at 1347. The BOP has not identified any additional extraordinary or compelling reasons for Defendant's compassionate release, and therefore the Court must consider whether Defendant has demonstrated an extraordinary and compelling reason identified in Application Notes 1(A)–(C).

The only ground in Application Notes 1(A)–(C) that appears to be applicable to Defendant's Motion is the provision for "Family Circumstances" in Application Note 1(C). A defendant is eligible for compassionate release under Application Note 1(C) if either of the following occur: "(i) the death or incapacitation of the caregiver of the defendant's minor child or minor children," or "(ii) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." A careful review of Defendant's Motion does not indicate that her mother is the caregiver of a minor child of Defendant's; in fact, it appears that both of Defendant's children are adults. *See* Mot. at 2 (describing her daughter as "trying to complete her medical degree"); Resp. at 2 n.1 ("[Defendant] also has two adult children."). While the Court sympathizes with Defendant, it does not have the discretion to deviate from the clear language of the statute and Application Notes. *See Bryant*, 996 F.3d at 1262–65; *see also Giron*, 15 F.4th at 1347. The Court also notes that even if it could consider Defendant's potential to care for her mother, it would still have to deny the Motion. This is because her daughter appears to be able to assist Defendant's mother. *See* Mot. at 2. Therefore, Defendant is not the only available caregiver for her mother. Accordingly, Defendant has not demonstrated an extraordinary and compelling reason identified in § 1B1.13, and therefore her Motion must be denied.

### *II. The Court Need Not Analyze the § 3553(a) Factors Here*

As Defendant has not cleared the § 3582(c)(1)(A)(i) threshold for "extraordinary and compelling reasons" to reduce her sentence, the Court need not analyze the 18 U.S.C § 3553(a) factors. Only when eligibility for compassionate release is established does a court have to determine whether "the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Bryant*, 996 F.3d at 1251 (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

### CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Marcia Sunita Pestano's *Pro Se* Motion for Compassionate Release filed pursuant to 18 U.S.C. § 3582(c)(1)(A), [ECF No. 56], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 9th day of June, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**